[No. B147327. Second Dist., Div. Six. Oct. 29, 2002.]

K. MARTIN WHITE, Plaintiff and Appellant, v.
LAWRENCE R. LIEBERMAN et al., Defendants and Appellants;
OLD REPUBLIC TITLE COMPANY et al., Defendants and Respondents.

COUNSEL

Raymond D. Kitlas for Plaintiff and Appellant.

Lewis, D'Amato, Brisbois, Bisgaard & Smith, Kenneth C. Feldman, Craig L. Dunkin and Jeffry A. Miller for Defendants and Appellants Lawrence R. Lieberman and Belin, Rawlings & Badal.

Stephanie J. Shulman for Defendant and Respondent Old Republic Title Company.

Regan C. Nagel for Defendant and Respondent Chicago Title Insurance Company.

Lawrence R. Lieberman for Defendants and Respondents Levinson & Lieberman, Levinson, Lieberman & Snyder and Levinson, Lieberman & Maas.

**OPINION**

**GILBERT, P. J.**—As a rule, the statute of limitations for a malicious prosecution action begins to run on the date judgment is entered in the trial court. It is tolled while the case is on appeal. If the judgment is affirmed, the statute begins to run again when the Court of Appeal issues its remittitur.

Here we hold that when reversal of a trial court judgment in the Court of Appeal gives rise to a possible cause of action for malicious prosecution, the

statute of limitations first begins to run on the date the Court of Appeal issues its remittitur.

We also decide an issue concerning attorney's fees pursuant to Code of Civil Procedure section 425.16, the strategic lawsuit against public participation (anti-SLAPP) statute.[1] A defendant who prevails in a motion to strike under the statute is entitled to attorney's fees. Here, an attorney files an action on behalf of his clients which is reversed on appeal. The attorney is then sued for malicious prosecution. The trial court sustains a demurrer to the complaint. We hold the attorney is entitled to attorney's fees under the anti-SLAPP statute.

## FACTS

### Bonadiman Action

This case arose out of a dispute over a large tract of land in San Bernardino County. A portion of the tract was subject to an action for partition. K. Martin White became a party to the action, claiming an undivided interest through a 1939 quitclaim deed. The trial court determined that the 1939 deed was a mortgage that had been extinguished, and that White had no interest in the property. White appealed, but the Court of Appeal affirmed. (*Bonadiman v. White* (Feb. 8, 1994, E009307, E009308) [nonpub. opn.].)

### Mazich Action

While the appeal in the *Bonadiman* action was pending, White turned his attention to another portion of the tract described in the 1939 deed. This portion was developed with 87 residences. White's attorney delivered a letter to residents of the tract stating that White is a successor in interest to the grantees of the 1939 deed and that White demands concurrent possession of their homes as a tenant in common.

John Mazich and other homeowners brought an action against White alleging quiet title, adverse possession and slander of title. Lawrence R. Lieberman represented the homeowners in that action. The homeowners obtained a summary adjudication on the quiet title cause of action on the ground that White was collaterally estopped by the *Bonadiman* decision from claiming any title through the 1939 deed. The homeowners dismissed the adverse possession cause of action. The matter proceeded to a court trial before Judge Duane Lloyd on the slander of title cause of action.

---

[1]All statutory references are to the Code of Civil Procedure.

After hearing the evidence, Judge Lloyd found that White had slandered the homeowners' titles. Judge Lloyd stated that the parties stipulated the only damages arising from slander of title are the claims of the homeowners' title insurers for reimbursement for attorney's fees and costs incurred in clearing title. The court ordered the homeowners to submit a cost bill for the fees and costs subject to White's motion to tax costs.

Judge Lloyd retired from the bench two days after the trial. Lieberman, the homeowners' attorney, obtained formal judgment from Judge Keith Davis.

Lieberman drafted the judgment for Judge Davis's signature. The draft states, "Damages in the total amount of $41,438.22 are awarded against defendant as follows[.]" The draft contains a box listing four title insurance companies and shows how the damages are to be allocated among them. Judge Davis signed the judgment, but struck the sentence "Damages in the total amount of $41,438.22 are awarded as follows[.]" The box showing allocation of damages was left undisturbed. Lieberman sent White's attorney a copy of the judgment attached to a notice of entry of judgment. But the copy did not show that the court struck the sentence awarding damages.

White appealed the judgment only as it related to the slander of title cause of action. The Court of Appeal reversed on the ground that the slander of title cause of action was not supported by substantial evidence. The appellate court concluded the notices sent by White to the homeowners were within the litigation privilege. (*Mazich v. White* (Nov. 18, 1998, E021294) [nonpub. opn.].)

### Present Action

White sued Lieberman, law firms with which Lieberman has been associated, and a number of title insurance companies (hereafter collectively Lieberman) for maliciously prosecuting the slander of title cause of action. The trial court sustained Lieberman's demurrer with leave to amend on the grounds that the action was barred by the statute of limitations and that the homeowners' victory in the trial court conclusively established probable cause.

White filed a first amended complaint. He alleged that the judgment in the slander of title cause of action was void *ab initio*. He claimed that the money amounts stated in the judgment were not the product of an adversary hearing; the judgment was based on fraudulent representations by Lieberman and was entered in favor of nonparties. The trial court sustained Lieberman's

demurrer to the first amended complaint without leave to amend and denied White's motion for a new trial.

## DISCUSSION

### White's Appeal

■ A demurrer tests the sufficiency of a pleading by raising questions of law. (*Postley v. Harvey* (1984) 153 Cal.App.3d 280, 286 [200 Cal.Rptr. 354].) In assessing the sufficiency of a demurrer, all facts pleaded in the complaint must be deemed true. (*Holland v. Thacher* (1988) 199 Cal.App.3d 924, 928 [245 Cal.Rptr. 247].) If upon consideration of all the facts stated it appears that the plaintiff is entitled to any relief, the complaint will be held good. (*Chase Chemical Co. v. Hartford Accident & Indemnity Co.* (1984) 159 Cal.App.3d 229, 242 [205 Cal.Rptr. 469].) If there is a reasonable possibility that a defect in the complaint can be cured by amendment, the court must allow the amendment. (*Hendy v. Losse* (1991) 54 Cal.3d 723, 742 [1 Cal.Rptr.2d 543, 819 P.2d 1].) The burden is on the plaintiff, however, to demonstrate how the complaint can be amended. (*Ibid.*)

I

■ We reject White's contention that the statute of limitations did not bar his cause of action for malicious prosecution. The statute of limitations for a malicious prosecution action is one year. (*Rare Coin Galleries, Inc. v. A-Mark Coin Co., Inc.* (1988) 202 Cal.App.3d 330, 334 [248 Cal.Rptr. 341].) As a rule, it accrues when judgment is entered in the trial court. (*Id.* at pp. 334-335.)

"If the underlying action is appealed, the statute is tolled during the pendency of the appeal, from the time notice of appeal is filed [citation] to the time the remittitur is issued by the appellate court." (*Korody-Colyer v. General Motors Corp.* (1989) 208 Cal.App.3d 1148, 1151 [256 Cal.Rptr. 658], citing *Gibbs v. Haight, Dickson, Brown & Bonesteel* (1986) 183 Cal.App.3d 716 [228 Cal.Rptr. 398].)

Lieberman argues that the statute of limitations began running on November 18, 1989, when the Court of Appeal issued its opinion reversing the judgment on the slander of title cause of action. Lieberman posits that after the statute ran for 41 days, it was tolled pending a petition for review with the California Supreme Court. The statute then began running again when the remittitur was filed on February 23, 1999. Because White did not file his complaint until March 24, 2000, Lieberman contends White's action is time-barred.

White argues that, at the very earliest, the statute of limitations ran when the trial court entered judgment on March 26, 1999. White acknowledges the authorities that hold that when cases are tolled on appeal, the statute of limitations begins running on the issuance of the remittitur. (*Rare Coin Galleries, Inc. v. A-Mark Coin Co., Inc., supra,* 202 Cal.App.3d at p. 334; *Korody-Colyer v. General Motors Corp., supra,* 208 Cal.App.3d at p. 1151.) He contends those cases do not apply because they involve the affirmance of the trial court judgment. Here, the trial court judgment was reversed.

In cases affirmed on appeal, the statute of limitations begins running again on the issuance of the remittitur. There is no reason that the same rationale should not apply to reversals. The only difference is that in a reversal the statute first begins running on the issuance of the remittitur. Affirmance or reversal, the remittitur activates the statute of limitations. This rule provides uniformity and predictability.

White had one year to bring his malicious prosecution action after the Court of Appeal issued its remittitur on February 23, 1999. Indeed, White was aware of the decision adverse to Lieberman by the Court of Appeal on the date it issued its opinion. That the trial court waited more than a month after the remittitur issued to file a judgment should not give White a windfall. Under White's theory, if the trial court waited six months or two years after issuance of the remittitur, the statute would not begin to run until that time. This would undermine the policy that malicious prosecution actions are disfavored. (*Babb v. Superior Court* (1971) 3 Cal.3d 841, 847 [92 Cal.Rptr. 179, 479 P.2d 379].)

*Ray v. First Federal Bank* (1998) 61 Cal.App.4th 315 [71 Cal.Rptr.2d 436] does not help White. In *Ray,* the trial court granted the defendant summary judgment based on the statute of limitations but not on the merits. The Court of Appeal, however, affirmed the judgment on the merits. The "appellate decision affirming summary judgment . . . both marked and constituted favorable termination." (*Id.* at pp. 318-319.) The issue in *Ray* was what constitutes favorable termination, not the statute of limitations.

White's malicious prosecution action is time-barred because it was filed more than a year after the Court of Appeal issued its remittitur.

## II

In any event, White cannot prevail on the merits.

White contends the trial court ignored his allegation that there was no judgment on the slander of title cause of action. The contention is based on

alleged irregularities in the damages portion of the judgment. The complaint alleges that the amounts stated as damages were not the product of an adversary hearing; were not based on the findings of the judge who actually tried the case; were based on false representations to a subsequent judge; and were awarded to nonparties.

In an action for malicious prosecution, the plaintiff must prove that the defendant initiated a civil or criminal proceeding without probable cause. (*Cowles v. Carter* (1981) 115 Cal.App.3d 350, 354 [171 Cal.Rptr. 269].) If the plaintiff in the prior action obtains a judgment after trial, the judgment, unless procured by fraud, is conclusive proof that the proceedings were prosecuted with probable cause. (*Id.* at p. 355.) The conclusive proof of probable cause applies even though the judgment is reversed on appeal. (*Ibid.*)

But conclusive proof of probable cause can arise without a final judgment. Even the denial of a defendant's pretrial motion can conclusively establish probable cause. Thus in *Wilson v. Parker, Covert & Chidester* (2002) 28 Cal.4th 811 [123 Cal.Rptr.2d 19, 50 P.3d 733], our Supreme Court held that the trial court's denial of defendant's motion to strike under the anti-SLAPP statute established probable cause. In *Roberts v. Sentry Life Insurance* (1999) 76 Cal.App.4th 375, 383 [90 Cal.Rptr.2d 408], the court held that the denial of a defendant's motion for summary judgment ordinarily establishes probable cause.

Here Judge Lloyd determined in the underlying action that White slandered the homeowners' titles. That determination conclusively established Lieberman had probable cause to bring the action regardless of any alleged irregularities affecting the damages portion of the judgment. Thus even if White's action for malicious prosecution had not been barred by the statute of limitations, White could not prevail.

### III

White contends the trial court ignored allegations that the judgment was obtained by fraud. He argues the conclusive determination of probable cause arises only after "a fair adversary hearing." (Citing *Cowles v. Carter, supra*, 115 Cal.App.3d at p. 358.)

Many of the allegations of fraud involve the damages portion of the judgment. As we have stated, the damages portion of the judgment is irrelevant to the conclusive presumption of probable cause.

Other allegations of fraud involve Lieberman's relationship with his clients. These include Lieberman's failure to obtain the homeowners' consent to maintain the slander of title cause of action, his failure to advise the

homeowners that their title problems would not be cured or helped by the slander of title cause of action, and his failure to advise the homeowners that there were other potential claimants who were not barred by the *Bonadiman* case.

White cites no authority to support the proposition that he has standing to complain about irregularities in the relationship between Lieberman and his clients. Moreover, White fails to show any causal connection between the alleged irregularities in Lieberman's relationship with his clients and Judge Lloyd's determination that White slandered the homeowners' titles.

Finally, White alleges that Lieberman convinced Judge Lloyd that White's letter to the homeowners was not privileged by citing bad law. But citation to bad law does not deprive a party of a fair adversary hearing. White was present at trial with his counsel and had every opportunity to point out that the law cited by Lieberman did not apply.

Judge Lloyd's determination that White slandered the homeowners' titles was based on simple, straightforward and essentially uncontradicted facts. White had the opportunity to present evidence at trial and argue the law and facts of the case. The record shows White received a full and fair adversary hearing. None of the allegations of the complaint leads to the conclusion that Judge Lloyd's decision was obtained through fraud.

The trial court did not err in sustaining the demurrer without leave to amend.

## IV

White contends the trial court erred by denying his motion for reconsideration. He requested in his motion that the court allow him to file a second amended complaint. The proposed second amended complaint included a cause of action for fraud.

Section 1008, subdivision (a) allows a party to apply for reconsideration of an order based on "new or different facts, circumstances, or law . . . ." The party applying for reconsideration must state by affidavit "what new or different facts, circumstances, or law are claimed to be shown." (*Ibid.*) In addition, a party applying for reconsideration should show a satisfactory explanation for failing to produce such facts, circumstances or law at an earlier time. (See *Kalivas v. Barry Controls Corp.* (1996) 49 Cal.App.4th 1152, 1161 [57 Cal.Rptr.2d 200].)

Here affidavits submitted by White and his attorney are entirely devoid of a statement of new or different facts, circumstances or law. They simply reiterate arguments made in opposition to Lieberman's demurrers.

The trial court did not abuse its discretion in denying the motion for reconsideration.

### Lieberman's Appeal

■ Lieberman contends the trial court erred in refusing to consider his anti-SLAPP motion. (§ 425.16.)

The trial court ruled that because it sustained Lieberman's demurrer without leave to amend, his motion to strike White's complaint was moot. But a defendant who prevails in an anti-SLAPP motion is entitled to attorney's fees. (§ 425.16, subd. (c).) The trial court therefore erred in determining that Lieberman's motion was moot.

White argues that the trial court's order is not appealable. But an order granting or denying an anti-SLAPP motion is expressly made appealable by section 425.16, subdivision (j). An order declaring the motion to be moot is the equivalent of a denial and is appealable.

Section 425.16, subdivision (b)(1) provides: "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim."

Section 425.16, subdivision (e) provides, in part: "As used in this section, 'act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue' includes: (1) any written or oral statement or writing made before a . . . judicial proceeding . . . (2) any written or oral statement or writing made in connection with an issue under consideration or review by a . . . judicial body . . . ."

In *Chavez v. Mendoza* (2001) 94 Cal.App.4th 1083 [114 Cal.Rptr.2d 825], Mendoza sued Chavez asserting numerous contract and tort claims. Chavez prevailed in the underlying action and sued Mendoza for malicious prosecution. Mendoza responded with an anti-SLAPP motion. The trial court denied the motion on the ground that a malicious prosecution action was not within the provisions of section 425.16. The Court of Appeal reversed, holding that the filing of a lawsuit is a constitutional right that is protected by the anti-SLAPP statute. Thus malicious prosecution actions are subject to a motion to strike under section 425.16.

White seeks to distinguish *Chavez* because his malicious prosecution action was not brought against a party to the underlying action, but against an attorney. But White points to nothing in section 425.16 that prevents an attorney acting in his capacity as an advocate from obtaining the protection of the anti-SLAPP statute.

In *Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106 [81 Cal.Rptr.2d 471, 969 P.2d 564], our Supreme Court held that the protection of section 425.16 was available to a tenant counseling service. In so holding, the court stated, "Contrary to plaintiffs' implied suggestion, the statute does not require that a defendant moving to strike under section 425.16 demonstrate that its protected statements or writings were made *on its own behalf* (rather than, for example, on behalf of its clients . . .)." (*Briggs*, at p. 1116.) The same reasoning applies to an attorney acting on behalf of his clients. Because a malicious prosecution action is within the provisions of section 425.16, and there is no possibility White can prevail, the only matter left for the trial court's consideration is the amount of attorney's fees.

The matter is remanded to consider the amount of attorney's fees. (§ 425.16, subd. (c).) In all other respects, the judgment is affirmed. Costs are awarded to Lieberman.

Coffee, J., and Perren, J., concurred.

A petition for a rehearing was denied November 27, 2002, the opinion was modified to read as printed above.