[No. A101235. First Dist., Div. Three. Jan. 29, 2004.]

MORAGA-ORINDA FIRE PROTECTION DISTRICT et al., Plaintiffs and Respondents, v.
STEVEN WEIR, as Recorder, etc., et al., Defendants and Respondents;
MORAGA DEL REY HOMEOWNERS ASSOCIATION et al., Real Parties in Interest and Appellants.

■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■

## Counsel

Fleming & Phillips, James H. Fleming and Kevin W. Wheelwright for Real Parties in Interest and Appellants.

William D. Ross, Lisabeth D. Rothman and Diane C. DeFelice for Plaintiffs and Respondents.

Rutan & Tucker, John A. Ramirez and Michael R. W. Houston for California League of Cities as Amicus Curiae on behalf of Plaintiffs and Respondents.

No appearance for Defendants and Respondents.

## Opinion

**PARRILLI, J.**—This case arises from the trial court's denial of a motion to recover attorney fees and costs under Code of Civil Procedure section 425.16.[1] We reverse.

Appellants are unincorporated associations of Orinda homeowners. They submitted a rebuttal argument for a voter information pamphlet regarding a proposed tax increase to fund improvements in the water flow to fire hydrants in Orinda. Respondent Moraga-Orinda Fire Protection District (the District) filed a mandamus petition seeking to strike or modify certain statements in the rebuttal. Three days later, the District filed an amended petition adding respondent Gene Gottfried, M.D., a Director of the District, as a petitioner. Appellants responded by challenging the District's standing under Elections Code section 13313,[2] and arguing that the amended petition was not timely

---

[1] Further unspecified statutory references are to the Code of Civil Procedure.

[2] The parties litigated this case as if it were controlled by Elections Code section 13313,

filed. Appellants also moved to strike the petition as a Strategic Lawsuit Against Public Participation (SLAPP) under section 425.16.

The trial court denied the petition, ruling that the District lacked standing and its amended petition was untimely. The propriety of that ruling is not before us, as respondents did not appeal. The court set a hearing on appellants' request for attorney fees and costs under section 425.16. After the hearing the court denied the request, ruling that since the mandamus proceeding had been resolved on the merits the SLAPP motion was moot. The court also noted that a fee award would "burden the statutory right to protect the public from untrue statements made in a voter's pamphlet."

■ Appellants contend the court erred by failing to make a fee award. We agree. This appeal presents only legal questions, which we review independently. (*Seelig v. Infinity Broadcasting Corp.* (2002) 97 Cal.App.4th 798, 807 [119 Cal.Rptr.2d 108].)

The trial court's principal rationale was clearly erroneous; resolution of the underlying action does not moot a fee request under the SLAPP statute. (*White v. Lieberman* (2002) 103 Cal.App.4th 210, 220 [126 Cal.Rptr.2d 608]; see also *Pfeiffer Venice Properties v. Bernard* (2002) 101 Cal.App.4th 211, 216–218 [123 Cal.Rptr.2d 647].) Nor is there any basis for a court to carve an exception from the statute for voter pamphlet challenges. Such a challenge is a "cause of action against a person arising from [an] act . . . in furtherance of the person's right of . . . free speech under the United States or California Constitution in connection with a public issue," and thus is "subject to a special motion to strike." (§ 425.16, subd. (b)(1).) The SLAPP statute specifically includes cases arising from "any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest." (§ 425.16, subd. (e)(3).)

■ A voter pamphlet is unquestionably a public forum involving issues of public interest. The right to seek to correct statements made in voter pamphlets provides no protection for baseless litigation. (Cf. *Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 63–64 [124 Cal.Rptr.2d 507, 52 P.3d 685], quoting *Church of Scientology v. Wollersheim* (1996) 42 Cal.App.4th 628, 648, fn. 4 [49 Cal.Rptr.2d 620], disapproved on other grounds by *Equilon Enterprises v. Consumer Cause, Inc., supra,* 29

which governs statements submitted by candidates for inclusion in voter pamphlets. Elections Code section 9380 is the statute governing voter pamphlets for district elections. Its provisions for challenges to ballot arguments are the same as those of Elections Code section 13313, except that voters or the elections official may challenge candidate statements, but only voters may challenge district election ballot arguments. (Elec. Code, §§ 13313, subd. (b)(1), 9380, subd. (b)(1).)

Cal.4th at p. 68, fn. 5.) By enacting section 425.16, subdivision (d), which exempts "any enforcement action brought in the name of the people of the State of California by the Attorney General, district attorney, or city attorney, acting as a public prosecutor," the Legislature has demonstrated that it "knows how to create an exemption from the anti-SLAPP statute when it wishes to do so." (*Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 735 [3 Cal.Rptr.3d 636, 74 P.3d 737].) It has not done so for voter pamphlet challenges.

Respondents contend section 425.16 does not apply to proceedings challenging the accuracy of statements in voter pamphlets, because those statements are not constitutionally protected. "Official voters' pamphlets are *limited* public forums provided by the government, so the government can constitutionally impose what would be an otherwise unlawful prior restraint of speech by way of precluding false or misleading statements. [Citations.] [¶] However, because freedom of speech *is* still implicated, any restrictions must be narrowly drawn. [Citation.]" (*Huntington Beach City Council v. Superior Court* (2002) 94 Cal.App.4th 1417, 1427 [115 Cal.Rptr.2d 439], italics in original; see also *Clark v. Burleigh* (1992) 4 Cal.4th 474, 482 [14 Cal.Rptr.2d 455, 841 P.2d 975].)

Respondents argue that section 425.16 must be "harmonized" with Elections Code sections 9380 and 13313 to avoid a "repeal by implication" of the provisions authorizing legal challenges to false or inaccurate voter pamphlets. Respondents' attempt to manufacture a conflict between these statutes fails.[3] Section 425.16 does not impede voter pamphlet challenges that have "a minimum level of legal sufficiency and triability." (*Linder v. Thrifty Oil Co.* (2000) 23 Cal.4th 429, 438, fn. 5 [97 Cal.Rptr.2d 179, 2 P.3d 27]; accord, *Jarrow Formulas, Inc. v. LaMarche, supra*, 31 Cal.4th at p. 738.) The statute burdens only those challenges that cannot be shown to have a probability of succeeding. (§ 425.16, subd. (b).) Tenuous challenges are discouraged, but that is what the Legislature intended. "The Legislature finds and declares that it is in the public interest to encourage continued participation in matters of public significance, and that this participation should not be chilled through abuse of the judicial process." (§ 425.16, subd. (a).) If the

---

[3] Amicus curiae, the League of California Cities, similarly contends section 425.16 "seemingly conflicts" with Elections Code sections 9380 and 13313. We disagree, for the reasons stated above.

Amicus claims challenges to statements in voter pamphlets cannot constitute an abuse of process subject to a SLAPP motion, because such challenges are expressly authorized by statute. No authority supports this argument. If only unauthorized claims were subject to SLAPP motions, the scope of the statute would be narrow indeed. Such a construction "would contravene the Legislature's express command that section 425.16 'shall be construed broadly.' (§ 425.16, subd. (a).)" (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 92 [124 Cal.Rptr.2d 530, 52 P.3d 703].)

SLAPP motion procedure itself is abused in a dispute over a voter pamphlet, the Legislature has authorized the prevailing petitioner to recover sanctions. (§ 425.16, subd. (c).) Section 425.16 is entirely consistent with the statutory scheme governing challenges to statements in voter pamphlets.

Respondents complain the SLAPP statute imposes draconian penalties. Our Supreme Court has disagreed with this view. (*Equilon Enterprises v. Consumer Cause, Inc., supra*, 29 Cal.4th 53, 63–64.) Respondents suggest the discretionary fee award available to a "private attorney general" under section 1021.5 is a preferable approach. This is an argument better directed to the Legislature. Respondents also contend the Legislature intended the SLAPP statute to apply to tort actions brought by large corporations that lead to prolonged litigation. No such limitation appears on the face of the statute, and it has not been so construed by the courts. (*Church of Scientology v. Wollersheim, supra*, 42 Cal.App.4th at p. 652 [SLAPP statute is not limited to tort actions]; *Navellier v. Sletten, supra*, 29 Cal.4th 82, 92–93 [statute does not exclude any particular type of action from its operation].)[4]

At oral argument, respondents urged that applying section 425.16 in this context would deter governmental entities from seeking to keep misleading statements out of voter pamphlet arguments. As we have noted, however, the governing statute grants no standing to governmental entities to file voter pamphlet challenges. (Elec. Code, § 9380, subd. (b)(1); see fn. 2, *ante*.) The Legislature has authorized an "elections official" to file a challenge to a candidate's statement. (Elec. Code, § 13313, subd. (b)(1); see Elec. Code, § 320 ["elections official" is person charged with duty of conducting election, or official or board with jurisdiction over elections].) It is not an unreasonable burden for such an official to be prepared to demonstrate a prima facie case of probable success, similar to the showing required to defeat summary judgment, in order to avoid dismissal and a fee award under section 425.16. (*Seelig v. Infinity Broadcasting Corp., supra*, 97 Cal.App.4th at p. 809; see also *Lieberman v. KCOP Television, Inc.*, (2003) 110 Cal.App.4th 156, 169 [1 Cal.Rptr.3d 536] [credibility issues not resolved in determining probability of success].)

---

[4] Respondents ask us to take judicial notice of material pertaining to the legislative history of section 425.16. However, respondents fail to identify any ambiguity in the statute that would justify an inquiry into its history. Our Supreme Court has repeatedly deemed the plain language of section 425.16 dispositive on questions of scope. (*Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1120 [81 Cal.Rptr.2d 471, 969 P.2d 564]; *Equilon Enterprises v. Consumer Cause, Inc., supra*, 29 Cal.4th at p. 61; *Jarrow Formulas, Inc. v. LaMarche, supra*, 31 Cal.4th at p. 736.) When the high court has examined legislative history materials, it has concluded they confirm the Legislature's intent that the statute should be broadly applied. (*Briggs v. Eden Council for Hope & Opportunity, supra*, 19 Cal.4th 1106, 1120–1121; *Jarrow Formulas, Inc. v. LaMarche, supra*, 31 Cal.4th at p. 736.) We have reviewed respondents' request. It is neither persuasive nor helpful, and it is denied.

Respondents also claim the trial court actually found in their favor on the two critical determinations under section 425.16: (1) whether appellants showed that the mandamus proceeding filed by respondents arose from protected free speech activity; and (2) whether respondents demonstrated a probability of prevailing on their petition. (*Equilon Enterprises v. Consumer Cause, Inc., supra*, 29 Cal.4th at p. 67.) This is a spurious argument. The trial court never reached either issue, because it erroneously deemed appellants' motion to be both moot and an undue encumbrance on the right to challenge statements in voter pamphlets. The latter finding did not amount to a determination that appellants' rebuttal statements were inaccurate. Nor did appellants concede the falsity of their statements, as respondents repeatedly misrepresent in their brief.

█ Indeed, it is clear as a matter of law that appellants must prevail on both questions. Respondents' petition arose from appellants' political speech on an issue of public interest. (*Clark v. Burleigh, supra*, 4 Cal.4th 474, 482; *Huntington Beach City Council v. Superior Court, supra*, 94 Cal.App.4th 1417, 1427.) Respondents, having failed to present a viable petition challenging appellants' statements in the voter pamphlet, or to appeal the court's dismissal of the petition on procedural grounds, had no chance of establishing a probability of success. Under the analysis adopted by our Supreme Court, we need not consider the factual sufficiency of respondents' petition, given its legal insufficiency. (*Wilson v. Parker, Covert & Chidester* (2002) 28 Cal.4th 811, 821 [123 Cal.Rptr.2d 19, 50 P.3d 733] [pleading must be "both legally sufficient and supported by a sufficient prima facie showing of facts"]; accord, e.g., *Jarrow Formulas, Inc. v. LaMarche, supra*, 31 Cal.4th at p. 741.) In such a case, an award of fees and costs is mandatory. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1131 [104 Cal.Rptr.2d 377, 17 P.3d 735].)

## DISPOSITION

The trial court's order is reversed. The matter is remanded for determination of appellants' fees and costs under section 425.16.

McGuiness, P. J., and Corrigan, J., concurred.

A petition for a rehearing was denied March 1, 2004, and respondents' petition for review by the Supreme Court was denied May 12, 2004.