Filed 6/26/13  Pruett v. Neville CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| BILLIE JO PRUETT, | C069221 |
| Plaintiff and Appellant, | (Super. Ct. No. 34-2011-00095758-CU-OE-GDS) |
| v. | |
| NINA NEVILLE, as Director etc., et al., | |
| Defendants and Respondents. | |

A school district employee sued the school district and two school district employees for harassment under the Fair Employment and Housing Act (FEHA).  In response, the two school district employees filed an anti-SLAPP[1] motion to strike the complaint.  Considering the complaint and the evidence submitted by the parties, the trial court concluded that (1) the acts alleged in the complaint were protected activities under the anti-SLAPP statute and (2) the plaintiff did not demonstrate a probability of

---

[1]    "SLAPP is an acronym for 'strategic lawsuit against public participation.' " (*Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 732, fn. 1.)

1

prevailing on the merits because the school district employees' conduct was privileged under Civil Code section 47, subdivision (b), and protected under the *Noerr-Pennington* doctrine[2] and because the employees were immune from prosecution under Government Code section 821.6. Based on this assessment, the trial court granted the anti-SLAPP motion.

On appeal of the granting of the anti-SLAPP motion in favor of the school district employees (the school district is not a party to this appeal), the plaintiff concedes that the acts alleged in the complaint were protected activities under the anti-SLAPP statute, but she asserts that the trial court erred by concluding that she did not demonstrate a probability of prevailing on the merits. However, the plaintiff fails to carry her burden on appeal because she fails to address two of the trial court's reasons for finding that she did not have a probability of prevailing on the merits: (1) the *Noerr-Pennington* doctrine or (2) Government Code section 821.6.

We therefore affirm.

STANDARD OF REVIEW

"Code of Civil Procedure section 425.16 provides that a cause of action arising from a defendant's act in furtherance of a constitutionally protected right of free speech may be stricken unless the plaintiff is likely to prevail on the merits. (Code Civ. Proc., § 425.16, subd. (b)(1).) The analysis of an anti-SLAPP motion under this section is two-fold: the trial court decides first ' "whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity. . . . If the court finds such a showing has been made, it then determines whether the plaintiff has

---

[2] *California Motor Transport Co. v. Trucking Unlimited* (1972) 404 U.S. 508 [30 L.Ed.2d 642]; *United Mine Workers v. Pennington* (1965) 381 U.S. 657 [14 L.Ed.2d 626]; *Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc.* (1961) 365 U.S. 127 [5 L.Ed.2d 464].

demonstrated a probability of prevailing on the claim." [Citation.]' [Citation.]" (*Cole v. Patricia A. Meyer & Associates, APC* (2012) 206 Cal.App.4th 1095, 1104 (*Cole*).)

"To establish a probability of prevailing, the plaintiff 'must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited.' [Citations.] For purposes of this inquiry, 'the trial court considers the pleadings and evidentiary submissions of both the plaintiff and the defendant ([Code. Civ. Proc.,] § 425.16, subd. (b)(2)); though the court does not weigh the credibility or comparative probative strength of competing evidence, it should grant the motion if, as a matter of law, the defendant's evidence supporting the motion defeats the plaintiff's attempt to establish evidentiary support for the claim.' [Citation.] In making this assessment it is 'the court's responsibility . . . to accept as true the evidence favorable to the plaintiff . . . .' [Citation.] The plaintiff need only establish that his or her claim has 'minimal merit' [citation] to avoid being stricken as a SLAPP. [Citations.]" (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 291, italics & fn. omitted.)

We review an order granting an anti-SLAPP motion de novo, applying the same two-step procedure as the trial court. (*Cole, supra*, 206 Cal.App.4th at p. 1105.) We look at the pleadings and declarations, accepting as true the evidence that favors the plaintiff and evaluating the defendant's evidence " ' "only to determine if it has defeated that submitted by the plaintiff as a matter of law." [Citation.]' [Citation.] The plaintiff's cause of action needs to have only ' "minimal merit" [citation]' to survive an anti-SLAPP motion. [Citation.]" (*Ibid.*)

Plaintiff does not dispute that the first prong of the anti-SLAPP motion – protected activity – is met. Therefore, we are concerned on appeal with only the second prong: plaintiff's likelihood of prevailing on her cause of action against defendants for harassment under the FEHA.

BACKGROUND

Plaintiff Billie Jo Pruett filed a multi-count complaint against the Amador County Unified School District (School District), its personnel director Nina Neville, and the principal of Ione Elementary School Silvia LeBlanc. The complaint alleged harassment based on her disability in violation of Government Code section 12940, subdivision (j)(1), against all three defendants. The complaint alleged other causes of action, such as disability discrimination and retaliation against the School District, but the harassment cause of action was the only cause of action alleged against Neville and LeBlanc.

Generally, the complaint alleged that plaintiff was a custodian for the School District. She has a lower back condition that requires accommodation but can perform the essential functions of her employment. Plaintiff filed a prior lawsuit against the School District for wrongful termination based on her disability. The lawsuit was settled, and she returned to work. Since her return to work, she has been subject to retaliation for her prior lawsuit.

The harassment cause of action alleged that the School District maintained a confidential file on plaintiff, containing some information that was prejudicial and derogatory. The file was kept secret from plaintiff. The School District allowed supervisors to use the file in making decisions about plaintiff's employment and to discipline and terminate her based on her disability. Neville failed to keep some of the personnel and medical information about plaintiff confidential.

The harassment cause of action also alleged that Neville and LeBlanc falsely accused plaintiff of arriving at work with the odor of alcohol on her breath, which accusation caused plaintiff emotional distress. As a result, she suffered a panic attack and her blood pressure increased. Paramedics who responded to the school found no evidence of alcohol on her breath. Neville and LeBlanc made the accusation based on information in the confidential file and as a pretext to justify harassment of plaintiff.

4

They also failed to keep plaintiff's panic attack confidential. After the incident, people commented that they heard plaintiff went to work drunk and had an alcohol problem.

All three defendants demurred to the complaint on March 10, 2011. On the same date, all three defendants filed an anti-SLAPP motion to strike as to the harassment cause of action. The School District also included a motion to strike the retaliation cause of action and the request for injunctive relief.

The trial court first ruled on the demurrer with a minute order issued on June 17, 2011. It held that, as to the harassment cause of action, plaintiff had not alleged acts of harassment based on her disability. It therefore granted the demurrer without leave to amend.

The trial court then held a hearing on the anti-SLAPP motion on the same day, June 17, 2011, and took the matter under submission. On June 20, 2011, the court granted the anti-SLAPP motion as to the harassment cause of action, which was the sole cause of action alleged against defendants Neville and LeBlanc.

The basis for the trial court's order granting the anti-SLAPP motion is important to this appeal; therefore, we recount that order in some detail.

The following facts are taken from the trial court's order granting the anti-SLAPP motion:

"Plaintiff alleges that since her return to work in June of 2010, defendants have discriminated against her, harassed her, failed to accommodate her, failed to engage in the interactive process, and retaliated against her for filing her previous FEHA complaint. Plaintiff alleges that on September 21, 2010 she was accused by Principal LeBlanc of having alcohol on her breath when she arrived at work in the morning but she alleges that this accusation was false. Plaintiff alleges that defendants have had access to 'confidential' or 'secret' medical information in her personnel files that formed the basis of the alcohol accusation."

The court noted that defendants asserted the following defenses to plaintiff's complaint: absolute privilege, qualified privilege, the *Noerr-Pennington* doctrine, and governmental immunities.

Applying the two-pronged anti-SLAPP analysis, the court first found that "[d]efendants have established that the conduct and statements with regard to the alcohol comment and the maintenance of documents concerning plaintiff's prior litigation fall within prong one of the anti-SLAPP statute because they were connected with an official proceeding, protected litigation activity, or conduct in furtherance of the exercise of free speech in connection with an issue of public interest."

Turning to the second prong of the analysis, the court focused on plaintiff's inability to establish liability because defendants' statements and actions were either privileged, protected, or immunized. The court stated:

"Defendants have established that plaintiff cannot prevail on her claims for harassment and injunctive relief because the thrust of those claims implicate speech and conduct that [are] absolutely privileged pursuant to [Civil Code section 47, subdivision (b)] and protected under the Noerr-Pennington Doctrine. Defendants have also addressed the required elements of these causes of action and have shown that no cause of action is stated. (See also, ruling on demurrer, in which the Court sustained the demurrer to the harassment cause of action without leave to amend.)

"Civil Code [section] 47[, subdivision] (b) provides that a privileged publication is one made in any legislative, judicial or [']other official proceeding authorized by law. . . .' The privilege is absolute. [Citation.] Doubts about the applicability of the privilege are resolved in favor of it use.[] [Citation.] Statements that are preparatory to potential charges of employee misconduct are protected even if no formal charges are eventually filed against the employee. [Citation.]

"Defendants are also absolutely immune for statements made about alcohol use as these statements were made in the course of instituting or prosecuting a judicial or

6

administrative proceeding within the scope of employment, even if (arguendo) defendant acted maliciously and without probable cause. Gov[ernment] Code section[] 821.6. Immunity extends to investigations even if there is a later decision not to institute administrative proceedings or to initiate a prosecution. [Citation.] . . .

"The court rejects plaintiff's argument that the conduct was not part of an 'official proceeding.' Plaintiff's definition of 'official proceeding' is overly narrow. Plaintiff admits in her declaration that she refused to speak with Neville despite being fully aware that the issue was about her odor of alcohol. [Citation.] She admits that she was the subject of a 'disciplinary action.' The fact that plaintiff did not cooperate with the investigation does not negate that an investigation was begun. . . . Whether the allegations were false or the disciplinary action was 'false' is irrelevant to the issue of absolute privilege pursuant to Civil Code [section] 47[, subdivision] (b).

"In opposition, plaintiff contends that the thrust of the lawsuit is for violation of the FEHA. However, defendants are not seeking to strike the claims [against the School District] for discrimination or failure to accommodate and related claims. The harassment and injunctive relief claims involve only protected conduct . . . ."

Having granted defendants' anti-SLAPP motion, the trial court also granted defendants' motion for attorney fees in the amount of $24,967.34 under the anti-SLAPP statute.

DISCUSSION

I

*Mootness*

As a preliminary matter, plaintiff contends that the anti-SLAPP motion was moot because the demurrer had already been sustained without leave to amend. We conclude that (1) plaintiff forfeited consideration of the mootness contention because she did not properly raise it in her opening brief and (2), in any event, the anti-SLAPP motion was not moot.

7

A.      *Forfeiture*

Under a heading in her opening brief stating that the trial court abused its discretion in sustaining the demurrer without leave to amend and a subheading stating that the complaint stated a cause of action for disability discrimination, plaintiff added an unrelated argument that the court should not have ruled on the anti-SLAPP motion because the demurrer had already been sustained.  This manner of raising the mootness point violated the Rules of Court.

"Appellate briefs must state each point raised under a separate heading.  (Cal. Rules of Court, rule 8.204(a)(1)(B).)  If not, the points raised need not be considered. (*Heavenly Valley v. El Dorado County Bd. of Equalization* (2000) 84 Cal.App.4th 1323, 1346; *Live Oak Publishing Co. v. Cohagan* (1991) 234 Cal.App.3d 1277, 1291.)" (*Mount Shasta Bioregional Ecology Center v. County of Siskiyou* (2012) 210 Cal.App.4th 184, 209-210.)  "This rule is 'designed to lighten the labors of the appellate tribunals by requiring the litigants to present their cause systematically and so arranged that those upon whom the duty devolves of ascertaining the rule of law to apply may be advised, as they read, of the exact question under consideration, instead of being compelled to extricate it from the mass.'  [Citation.]"  (*Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 656.)  Therefore, plaintiff forfeited consideration of the mootness point.

B.      *Merits*

In any event, the trial court properly ruled on the anti-SLAPP motion.  Once a defendant files an anti-SLAPP motion, not only is the viability of the complaint put into question but also the availability of attorney fees under the anti-SLAPP statute.  (See Code Civ. Proc., § 425.16, subd. (c).)  That question is not mooted by dismissal of the action on some other grounds.  (*White v. Lieberman* (2002) 103 Cal.App.4th 210, 220.) We therefore must consider the propriety of the anti-SLAPP order and accompanying award of attorney fees.

## II

### *Anti-SLAPP Analysis*

On appeal, " '[t]he burden of affirmatively demonstrating error is on the appellant. This is a general principle of appellate practice as well as an ingredient of the constitutional doctrine of reversible error.' [Citation.] The order of the lower court is ' "presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness." ' [Citation.]" (*State Farm Fire & Casualty Co. v. Pietak* (2001) 90 Cal.App.4th 600, 610.)

Because plaintiff does not dispute the applicability of the first prong of the anti-SLAPP analysis, we move directly to the second prong – whether plaintiff established a probability of prevailing on the merits. We conclude that plaintiff, by ignoring determinative parts of the trial court's order, fails to establish prejudicial error.

The FEHA prohibits harassment based on physical disability (Gov. Code, § 12940, subd. (j)(1)) and provides for personal liability of the employee who engages in such harassment (Gov. Code, § 12940, subd. (j)(3)). " '[H]arassment consists of conduct outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives. Harassment is not conduct of a type necessary for management of the employer's business or performance of the supervisory employee's job. [Citations.]' " (*Reno v. Baird* (1998) 18 Cal.4th 640, 645-646.) " '[C]ommonly necessary personnel management actions such as hiring and firing, job or project assignments, office or work station assignments, promotion or demotion, performance evaluations, the provision of support, the assignment or nonassignment of supervisory functions, deciding who will and who will not attend meetings, deciding who will be laid off, and the like, *do not come within the meaning of harassment*. These are actions of a type necessary to carry out the duties of business and personnel management. These actions may retrospectively be

9

found discriminatory if based on improper motives, but in that event the remedies provided by the FEHA are those for discrimination, not harassment. Harassment, by contrast, consists of actions *outside the scope of job duties which are not of a type necessary to business and personnel management*.' " (*Id.* at pp. 645–647, original italics.)

The trial court's anti-SLAPP order was based on three impediments to plaintiff's cause of action for harassment: (1) the statements that plaintiff alleges constituted harassment are absolutely privileged under Civil Code section 47, subdivision (b) because they were made in preparation for an administrative proceeding; (2) defendants' actions were protected under the *Noerr-Pennington* doctrine;[3] and (3) defendants are absolutely immune under Government Code section 821.6 for statements made about alcohol use as these statements were made in the course of instituting an administrative proceeding.[4] In other words, the trial court held that plaintiff could not prove harassment because the speech and conduct that she alleged constituted harassment were privileged and, in any event, defendants are immune from liability. Of the three impediments,

---

[3]     "The *Noerr-Pennington* doctrine provides that there is no antitrust liability under the Sherman Act for efforts to influence government which are protected by the First Amendment right to petition for redress of grievances, even if the motive behind the efforts is anticompetitive. [Citations.] An exception to the doctrine arises when efforts to influence government are merely a sham; such efforts are not protected by the *Noerr-Pennington* doctrine and are subject to antitrust liability. [Citation.]" (*Hi-Top Steel Corp. v. Lehrer* (1994) 24 Cal.App.4th 570, 574-575.) "While the *Noerr-Pennington* doctrine was formulated in the context of antitrust cases, it has been applied or discussed in cases involving other types of civil liability [citations], including liability for interference with contractual relations or prospective economic advantage [citations] or unfair competition [citation]." (*Id.* at pp. 577- 578.)

[4]     "A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." (Gov. Code, § 821.6.)

10

plaintiff discusses only Civil Code section 47, subdivision (b) in her opening brief. She fails even to mention the other two.

Even if, for the sake of argument, we were to accept plaintiff's reasoning concerning the application of Civil Code section 47, subdivision (b) to the facts of this case, she still has not explained why defendants' actions were not protected under the *Noerr-Pennington* doctrine or why defendants are not absolutely immune under Government Code section 821.6. In other words, plaintiff has failed to establish that the trial court committed error in granting the anti-SLAPP motion.

Plaintiff contends that the trial court improperly excluded some of her proffered evidence and failed to give proper weight to some of the evidence admitted. However, she does not explain how admitting the proffered evidence or viewing the evidence in a different light would have overcome the privileges and immunities relied on by the trial court in ruling against her. Therefore, there is no reason for us to consider her assertions of error in excluding evidence or failing to view evidence in the proper light.

Plaintiff therefore has failed to carry her burden on appeal of showing error in the trial court, and we must affirm. (See *Mansell v. Board of Administration* (1994) 30 Cal.App.4th 539, 545-546 [we do not act as counsel and propose arguments not made by plaintiff].)

In her reply brief, plaintiff attempts, to some extent, to rectify her failure to address in her opening brief the grounds relied on by the trial court to find that she did not have a probability of prevailing on the merits. The attempt is too late. "Obvious reasons of fairness militate against consideration of an issue raised initially in the reply brief of an appellant. [Citations.]" (*Varjabedian v. City of Madera* (1977) 20 Cal.3d 285, 295, fn. 11.) " '[T]he rule is that points raised in the reply brief for the first time will not be considered, unless good reason is shown for failure to present them before. [Citations.]' [Citation.]" (*People v. Smithey* (1999) 20 Cal.4th 936, 1017, fn. 26.)

11

Given our conclusion that plaintiff, by mostly ignoring in her opening brief the grounds of the trial court's ruling, has failed to carry her burden of showing error, we need not consider the parties' remaining contentions on appeal. For example, we need not determine whether the demurrer was properly granted without leave to amend or whether the finality of the anti-SLAPP order with respect to the School District raises a question of res judicata as to the issues involved in this appeal.

## DISPOSITION

The judgment is affirmed. Defendants are awarded their costs on appeal. (Cal. Rules of Court, rule 8.278(a).)


    NICHOLSON   , Acting P. J.


We concur:


    HULL    , J.


    ROBIE    , J.