Filed 5/30/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| PLACER FORECLOSURE, INC.,<br><br>  Plaintiff and Appellant,<br><br>v.<br><br>SOLOMON AFLALO,<br><br>  Defendant and Appellant. | 2d Civil No. B268589<br>(Super. Ct. No. 56-2015-00471416-CU-OR-VTA)<br>(Ventura County) |

Placer Foreclosure, Inc., acting as trustee, conducted a foreclosure sale of property owned by Solomon Aflalo. The foreclosure sale resulted in surplus proceeds. When Aflalo filed a wrongful foreclosure action against Placer and the third-party buyer, Pro Value Properties, Inc., Placer filed a complaint in interpleader and deposited the surplus proceeds with the court.

Placer appeals judgment of dismissal after the trial court sustained Aflalo's demurrer to the interpleader complaint without leave to amend. In a cross-appeal, Aflalo contends: the trial court erred when it did not direct the clerk of the court to release the interpleaded funds to him. We affirm the judgment of

dismissal. We remand with directions to the trial court to release the interpleaded funds to Aflalo.

## FACTUAL AND PROCEDURAL HISTORY

Aflalo borrowed funds to buy a home. The loan was secured by a deed of trust. Placer was the trustee under the deed of trust. Aflalo defaulted on the loan, and Placer conducted a foreclosure sale. Pro Value bought the property. The sale resulted in $974,786.81 in surplus proceeds, after payment of the fees and costs of sale and the obligations on the loan.

Aflalo filed a wrongful foreclosure action. He named Placer and Pro Value as defendants. He sought to invalidate the foreclosure sale and quiet title to the property.

Placer responded with the interpleader complaint. Placer alleged the wrongful foreclosure action gave rise to conflicting claims to the surplus funds. It alleged it has "no interest in the Surplus and is indifferent with respect to which Defendant, or combination of Defendants, should receive the Surplus."

After the trial court sustained Aflalo's demurrer to the interpleader complaint without leave, Aflalo filed an application for a judgment of dismissal. He asked the court to release the interpleaded surplus funds to him.

The trial court entered a judgment of dismissal of the interpleader complaint and ordered that Placer "may apply to the court for a release of the [surplus] Funds deposited with the court." The trial court denied Aflalo's request to release the interpleaded funds to him.

# DISCUSSION[1]

### *Mootness*

While this appeal was pending, Aflalo and Pro Value entered a settlement agreement in which Pro Value "disclaim[ed] any interest whatsoever in the $974,786.[8]1 of Surplus Proceeds deposited by Placer in the Interpleader Action with the Superior Court." It declared that it did not "object to the immediate disbursement by the Superior Court to [Aflalo] of the Surplus Proceeds."

Based on the settlement agreement, Aflalo argues that the appeal should be dismissed because the interpleader complaint and the appeal are now moot. We disagree.

California courts will decide only "'justiciable controversies.'" (*Association of Irritated Residents v. Department of Conservation* (2017) 11 Cal.App.5th 1202, 1221.) A moot case is one in which there may have been an actual or ripe controversy at the outset, but due to intervening events, it no longer presents

---

[1] We grant Placer's request for judicial notice filed on February 7, 2017, which contains (1) recorded documents related to the deed of trust and foreclosure sale, (2) pleadings related to Aflalo's wrongful foreclosure suit, and (3) moving papers related to Aflalo's motion to dismiss the appeal. (Evid. Code, §§ 452, 459.) We also grant Aflalo's request for judicial notice filed on October 6, 2017, which contains (1) the order of dismissal of the interpleader complaint and (2) Aflalo's complaint filed May 2017 against Placer, including an attached declaration from the president of Pro Value disclaiming any interest in the surplus funds. (Evid. Code, §§ 452, subd. (d), 459.) We deny Placer's request for judicial notice filed January 10, 2018, which also contains Aflalo's May 2017 complaint against Placer, because it is duplicative.

3

a context in which the court can grant effectual relief.  (*Id*. at p. 1222.)

Although Pro Value and Aflalo's settlement resolved the dispute over the surplus proceeds, the appeal is not moot because justiciable controversies remain.  Here, Placer's interpleader complaint requests attorney fees, a discharge from liability, and dismissal from the underlying wrongful foreclosure action (Code Civ. Proc., §§ 386, 386.6).  Because the award of attorney fees, discharge from liability, and dismissal from the wrongful foreclosure action are dependent on whether the trial court properly ruled on the demurrer, the appeal is not moot. (See *White v. Lieberman* (2002) 103 Cal.App.4th 210, 220.)

Although we determine the appeal is not moot, we will conclude the interpleader was properly dismissed.  Placer is thus not entitled to attorney fees, discharge from liability, or an order of dismissal from the wrongful foreclosure action.

### *Dismissal of the Interpleader Complaint*

Placer contends that the trial court erred in sustaining the demurrer without leave to amend and dismissing the interpleader complaint because Aflalo and Pro Value's competing claims subjected it to multiple liability.

We review the order de novo, and independently decide whether the complaint states a cause of action, reading it as a whole, and deeming true all material facts properly pled. (*Westamerica Bank v. City of Berkeley* (2011) 201 Cal.App.4th 598, 606-607 (*Westamerica*).)

A party "against whom double or multiple claims are made," that "may give rise to double or multiple liability," may bring an action against the claimants to compel them to interplead and litigate their claims.  (Code Civ. Proc., § 386, subd.

4

(b).)  The complaint must show that "'the defendants make conflicting claims'" to the subject matter, and that the plaintiff "'cannot safely determine which claim is valid and offers to deposit the money in court . . . .' [Citations.]" (*Westamerica*, *supra*, 201 Cal.App.4th at pp. 607-608.)  But an interpleader action may not be maintained "'upon the mere pretext or suspicion of double vexation.'" (*Id*. at p. 608.)

Placer contends that the interpleader complaint was proper because Placer was faced with liability from Pro Value if it distributed the surplus funds to Aflalo.  We reject this contention.  Placer could safely distribute the surplus funds to Aflalo as required by statute without any risk of multiple liability.

The trustee's role in preparing for and conducting a nonjudicial foreclosure sale is set forth in detail in Civil Code[2] section 2924 et seq., as part of a comprehensive statutory scheme.  The scope and nature of the trustee's duties are exclusively defined by the deed of trust and the governing statutes.  (*Pro Value Properties, Inc. v. Quality Loan Service Corp.* (2009) 170 Cal.App.4th 579, 583 (*Quality Loan Service*).)  No other common law duties exist.  (*Ibid*.)

Placer was statutorily required under section 2924k to disburse surplus funds to Aflalo.  Section 2924k, subdivision (a) provides that a trustee "shall distribute the proceeds" in the following order of priority:  (1) costs and expenses of the sale, (2) payment of the "obligations secured by the deed of trust," (3) payment to any junior liens or encumbrances, and (4) payment "to the trustor."  Placer paid the costs and expenses of the sale and the encumbrances as directed under section 2924k,

_____

[2] Further unspecified statutory references are to the Civil Code.

subdivision (a)(1) through (3), including payment to the lender of record, but did not pay the remaining funds to Aflalo, the trustor (§ 2924k, subd. (a)(4)). Placer was required to do so.

Placer does not cite to any authority that would prevent it from performing its statutory obligation to disburse the sale proceeds as directed under section 2924k. Relying on section 2924j, it argues that it was not required to comply with section 2924k when there are "disputed unresolved claims." Placer's reliance on section 2924j is misplaced.

Section 2924j does not apply because the conflicting claims are not between parties who had recorded interests before the sale. Section 2924j, subdivision (a) sets forth the procedure for distributing proceeds to "persons with recorded interests in the real property as of the date immediately prior to the trustee's sale." It provides that "[o]nce an interpleader action has been filed" because of disputed unresolved claims, "thereafter the provisions of this section do not apply." (§ 2924j, subd. (e).) However, section 2924j procedures regarding disputed claims apply to persons who make a claim to the property before the foreclosure sale such as lienholders, not purchasers at the sale. (See *Banc of America Leasing & Capital, LLC v. 3 Arch Trustee Services, Inc.* (2009) 180 Cal.App.4th 1090, 1104; see also *Pacific Loan Management Corp. v. Superior Court* (1987) 196 Cal.App.3d 1485, 1490 [interpleader proper where junior lienholder and trustor disputed surplus funds].) The conflicting claims at issue here are not between lienholders, and Placer admits that Pro Value has no claim to the sale proceeds under section 2924k. Nothing in section 2924j excuses Placer from carrying out its duty of distributing the surplus proceeds in accordance with section 2924k.

6

Citing to *Bank of America v. La Jolla Group II* (2005) 129 Cal.App.4th 706 and *Quality Loan Service, supra*, 170 Cal.App.4th 579, Placer argues that if the foreclosure action deemed the sale void, Placer "*would* not have had the power of sale," Pro Value would have been "entitled to . . . the return of the purchase price, plus accrued interest," and "an erroneous payment of sale proceeds" would have subjected Placer to liability. It argues the interpleader action was appropriate because it was merely a stakeholder with no obligation to resolve the disputed claims. (*Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857.)

But Placer did not face a valid threat of double vexation because Pro Value's claim was against Aflalo, not Placer. (*Westamerica, supra*, 201 Cal.App.4th at p. 608.) This case is like *Westamerica*, in which a demurrer to a bank's interpleader complaint was sustained without leave to amend because the bank, acting as an escrow agent, faced no threat of double vexation from the City of Berkeley and a building contractor, who were litigating a contract dispute. (*Id.* at pp. 608-613.) The appellate court upheld the decision after interpreting an escrow agreement, which tracked a statutory scheme setting forth an escrow agent's "specific list of rights and duties" for the distribution of escrowed funds. (*Id.* at p. 608.) The court determined there was no reasonable probability of double vexation because (1) the statutory terms of the escrow agreement clearly instructed the bank on how to pay funds (i.e., the bank must pay the city at the city's direction and the contractor could not direct payment of funds without the city's consent); (2) the agreement stated that the bank would be "held harmless" by the parties if it followed the escrow instructions;

7

and (3) even without the hold harmless clause, the matter would resolve in the litigation between the city and the contractor, and the contractor had a statutory remedy against the city if distribution of the escrow funds were improper. (*Id.* at pp. 608-610.) Here too, the statute directed Placer how to pay the funds, the competing claims were to be resolved in the foreclosure action, and Pro Value had a remedy against Aflalo who would have to return the surplus funds to the buyer if he successfully set aside the sale in the foreclosure action.

Placer argues that *Westamerica* is distinguishable because the escrow agreement in that case contained a "hold harmless" clause. But, even in the absence of an indemnity clause protecting the stakeholder from being sued, there is no threat of double vexation because there "would [be] little to gain by filing an action against" the stakeholder. (*Westamerica*, *supra*, 201 Cal.App.4th at p. 610.) If the wrongful foreclosure action invalidated the sale, Pro Value would be entitled to a refund from Aflalo of its purchase proceeds, including the surplus, and would have nothing to gain by an action against Placer. (See *id.* at pp. 609-610.)

This case is also like *City of Morgan Hill v. Brown* (1999) 71 Cal.App.4th 1114, 1123, in which there was no right to an interpleader action where the parties asserted rights over different debts owed by different obligors. An attorney represented the City of Morgan Hill when she was a member of a law firm. When the law firm terminated her, she demanded her share of attorney fees that the city owed the law firm. (*Id.* at pp. 1118-1119.) The city interpleaded the attorney fees. (*Id.* at p. 1119.) The appellate court affirmed the trial court's order granting the law firm's summary judgment of the interpleader

8

action and ordering the attorney fees to be released to the firm, because the parties claimed different debts owed by different obligors. (*Id*. at pp. 1121, 1123.) The firm claimed a debt of attorney fees owed by the city; whereas, the attorney claimed a debt of compensation owed by the firm. There was no interpleader action because all that existed was a "possible eventual right to a judgment that might be satisfied" out of the disputed funds. (*Id*. at p. 1126.)

Aflalo claims a right to collect surplus funds from Placer under section 2924k. Pro Value has no claim against Placer. It has only a "possible eventual right" to a refund of its purchase proceeds from Aflalo in the event that Aflalo succeeds in its wrongful foreclosure lawsuit.

Placer notes that Aflalo's counsel initially "refused to accept distribution" of surplus funds pending the outcome of the foreclosure lawsuit. Six months later and after he retained new counsel, Aflalo demanded payment of the surplus funds. To the extent that Placer is asserting that Aflalo is estopped from claiming his entitlement to the immediate disbursement of surplus funds, we reject the argument. Regardless of whether Aflalo initially requested that Placer hold the funds, he subsequently requested the funds under section 2924k, and there is no evidence that his earlier request to hold the funds caused harm to Placer. (Contra, *Schafer v. City of Los Angeles* (2015) 237 Cal.App.4th 1250 [estoppel appropriate where a party led another to do what it would not otherwise have done and as a result suffered injury or grave injustice].)

### *Leave to Amend*

Placer contends the trial court should have granted leave to amend the interpleader complaint. We review the court's

9

decision to sustain a demurrer without leave to amend for abuse of discretion. (*Westamerica, supra,* 201 Cal.App.4th at p. 613.)

There is no abuse of discretion because Placer does not meet its burden to demonstrate a reasonable possibility that the defect can be cured by amendment. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 (*Blank*).) "If the plaintiff does not proffer a proposed amendment, and does not advance on appeal any proposed allegations that will cure the defect or otherwise state a claim, the burden of proof has not been satisfied." (*Westamerica, supra,* 201 Cal.App.4th at pp. 613-614.)

Placer has not stated any allegations or facts that would cure the defect in the interpleader complaint. The trial court did not abuse its discretion when it denied leave to amend. (See *Blank, supra,* 39 Cal.3d at p. 318.)

### *Disbursement of Surplus Funds*

On cross-appeal, Aflalo contends that the trial court erred when it refused to release the interpleaded funds of $974,786.81 to him. While the cross-appeal was pending, Pro Value and Aflalo settled their dispute. Placer and Pro Value do not object to the disbursement of funds to Aflalo. We therefore direct the trial court to order the release of the interpleaded funds to Aflalo.

10

## DISPOSITION

We affirm the judgment of dismissal.  We remand to the trial court with direction to the trial court to release the interpleaded funds of $974,786.81 to Aflalo.  The clerk of the trial court is directed to amend the May 3, 2016, judgment of dismissal accordingly.  Aflalo is awarded costs on appeal.

CERTIFIED FOR PUBLICATION.


TANGEMAN, J.

We concur:


GILBERT, P. J.


YEGAN, J.

11

Vincent J. O'Neill, Jr., Judge

Superior Court County of Ventura

_____

Adleson, Hess & Kelly, Patric J. Kelly, Phillip M. Adleson, Lisa J. Parrella; Law Offices of Kirk Rimmer and Kirk Rimmer, for Plaintiff and Appellant Placer Foreclosure, Inc.

Klapach & Klapach, Joseph S. Klapach; Ivie, McNeil & Wyatt, Rickey Ivie and Samuel E. Chilakaos, for Defendant and Appellant Solomon Aflalo.