Filed 9/23/21  Andrade v. Purviance CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

|  |  |
| --- | --- |
| SILVIA ANDRADE,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>LORRAINE PURVIANCE,<br><br>    Defendant and Respondent. | A161331<br><br>(Lake County<br>Super. Ct. No. CV421093) |

Silvia Andrade sued her criminal defense attorneys, Lorraine Purviance and Sterling Thayer, Jr., for legal malpractice in connection with a criminal proceeding after a jury convicted her of several offenses.  Purviance demurred based on Andrade's failure to allege acquittal or exoneration by postconviction relief.  The court sustained the demurrer without leave to amend and entered a judgment of dismissal.  Andrade appealed.  Finding no error, we affirm.[1]

---

[1] On May 20, 2021, Purviance requested this court take judicial notice of the criminal minutes denying Andrade's appeal of her criminal conviction in *People v. Andrade* (Super. Ct. Lake County, No. CR955129).  Andrade opposed the request.  Because the document is appropriate for judicial notice, we grant the request.  (Evid. Code, § 452, subd. (d).)  On June 4, 2021, Andrade requested this court take judicial notice of (1) "the People v. Silvia Andrade Jury trial in case CR955129"; (2) a page from Purviance's demurrer to Andrade's complaint; (3) an excerpt of the legislative history for Assembly Bill. No. 103 (2017–2018 Reg. Sess.) and related news article; (4) excerpts of

# I. BACKGROUND[2]

Andrade received a traffic ticket in Mendocino County for a registration violation. The Mendocino County Superior Court subsequently issued a complaint for failure to appear in that matter, and the DMV suspended her license. Thereafter, a Lake County sheriff's deputy arrested Andrade while she was driving her motorcycle, arising in part from her suspended license. A criminal complaint was filed against Andrade in Lake County Superior Court, alleging misdemeanor battery against a peace officer, resisting arrest, and driving on a suspended license. Purviance was appointed as Andrade's defense counsel. Following a jury trial, Andrade was convicted on all three charges. Andrade filed a petition for writ of habeas corpus, challenging her conviction. (*In re Andrade*, case No. A160178.) Our colleagues in Division Three denied her petition. Andrade also unsuccessfully appealed her conviction.

Andrade filed a complaint against Purviance, alleging causes of action for (1) fraudulent misrepresentation of legal services; (2) legal malpractice;

---

the reporter's transcript from her criminal trial; (5) an excerpt from the Judicial Council's Uniform Bail and Penalty Schedules (2017 ed.); (6) State Bar Rules of Professional Conduct, rule 1.1(a); (7) various statutory and decisional law; (8) a blank form entitled "Violation Warning Denial of Rights Under Color of Law" (Pub. Domain—Privacy Form COL(01)); (9) California Rules of Court, rule 4.106; and (10) Department of Motor Vehicles (DMV) form 114. We grant Andrade's request as to Vehicle Code sections 40509 and 40001, California Rules of Court rule 4.106, and State Bar Rules of Professional Conduct, rule 1.1(a). (Evid. Code, § 452, subds. (a), (e).) We deny Andrade's request as to the remaining items because they are either already part of the record or irrelevant to our resolution of this matter.

[2] Because Andrade is appealing from an order granting a demurrer, the background is derived from the allegations of the operative complaint as well as any matters properly subject to judicial notice. (*Groves v. Peterson* (2002) 100 Cal.App.4th 659, 667.)

(3) violation of civil rights under section 1983 of title 42 of the United States Code (section 1983); and (4) breach of the doctrine of good faith and fair dealing.[3] The complaint asserts Andrade's license suspension was unlawful because the failure to appear issued by the Clerk of the Mendocino County Superior Court was "not a lawful exercise of governmental powers" and the DMV failed to provide a presuspension hearing as required by law. Andrade asserts Purviance failed to raise these issues with the superior court and, as a result, Andrade was deprived of a competent defense. Andrade contends such arguments would have "completely exonerated" her.

Purviance filed a demurrer to the complaint. She argued Andrade was required to plead actual innocence for a malpractice claim arising from a criminal defense matter but failed to do so. Because all claims "sound in malpractice," Purviance argued all claims should be dismissed without leave to amend. Purviance also asserted Andrade had failed to adequately plead various other elements of the causes of action.

Andrade opposed the demurrer. She argued her driver's license was improperly suspended under the holdings of *Rios v. Cozens* (1973) 9 Cal.3d 454 and *Bell v. Burson* (1971) 402 U.S. 535. She further argued the criminal court lacked jurisdiction by having a military flag in the courtroom, and she was not charged by a verified complaint. Andrade asserted Purviance failed to adequately research and raise these arguments in her defense.

---

[3] Andrade also asserted these causes of action, as well as another cause of action for intentional infliction of emotional distress, against Thayer. However, we focus on those allegations against Purviance because Thayer is not a party to this appeal.

The trial court sustained the demurrer without leave to amend, and Andrade filed the pending appeal.[4]

## II.  DISCUSSION

### A.  *Standard of Review*

The standard of review governing an appeal after a trial court sustains a demurrer without leave to amend is well established.  " 'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law.  [Citation.]  We also consider matters which may be judicially noticed.'  [Citation.]  Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context.  [Citation.]  When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action.  [Citation.]  And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm.  [Citations.]  The burden of proving such reasonable possibility is squarely on the plaintiff."  (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

Additionally, we note Andrade is in propria persona, but a party appearing in propria persona "is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys."  (*Barton v. New United Motor Manufacturing, Inc*. (1996)

---

[4] Andrade appealed from the minute order sustaining Purviance's demurrer without leave to amend.  That order, however, is nonappealable.  (*Los Altos Golf & Country Club v. County of Santa Clara* (2008) 165 Cal.App.4th 198, 202.)  Because a judgment has been entered as a result of the sustaining of that demurrer, we will liberally construe the appeal to have been taken from the judgment.  (*Ibid*.; Code Civ. Proc., § 904.1, subd. (a)(1); Cal. Rules of Court, rule 8.100(a)(2).)

43 Cal.App.4th 1200, 1210.) " '[T]he in propria persona litigant is held to the same restrictive rules of procedure as an attorney.' " (*Bianco v. California Highway Patrol* (1994) 24 Cal.App.4th 1113, 1125–1126.)

## B. *Andrade Has Failed to Demonstrate Error*

While this appeal arises from the trial court's order sustaining Purviance's demurrer, Andrade mainly argues the trial court erred "in finding that the DMV is not required to give notice to the Plaintiff of an opportunity to come to a pre-suspension hearing before suspending a driver's license." The trial court's order does not contain such a finding. Rather, the issue is whether Andrade adequately alleged various causes of action against Purviance. On this point, Andrade summarily asserts she has met her pleading requirements by identifying various alleged deficiencies in Purviance's representation.

In response, Purviance contends Andrade has failed to meet the actual innocence element required to maintain a claim for malpractice. Purviance further notes that, while the complaint contains five separate causes of action, all are based on attorney malpractice and are subject to the actual innocence requirement.

### 1. *Legal Malpractice Claim*

The elements of a legal malpractice action are "(1) the duty of the attorney to use such skill, prudence, and diligence as members of his or her profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the breach and the resulting injury; and (4) actual loss or damage resulting from the attorney's negligence." (*Coscia v. McKenna & Cuneo* (2001) 25 Cal.4th 1194, 1199 (*Coscia*).)

However, to succeed on a claim for legal malpractice arising from a criminal proceeding, a plaintiff also must prove that he or she is actually

innocent. (*Coscia, supra*, 25 Cal.4th at pp. 1199–1200.) "In *Coscia*, the Supreme Court addressed . . . 'whether a former criminal defendant must obtain exoneration by postconviction relief as a prerequisite to obtaining relief for legal malpractice.'" (*Wilkinson v. Zelen* (2008) 167 Cal.App.4th 37, 46.) The *Coscia* court concluded, "a plaintiff must obtain postconviction relief in the form of a final disposition of the underlying criminal case—for example, by acquittal after retrial, reversal on appeal with directions to dismiss the charges, reversal followed by the People's refusal to continue the prosecution, or a grant of habeas corpus relief—as a prerequisite to proving actual innocence in a malpractice action against former criminal defense counsel." (*Coscia, supra*, 25 Cal.4th at p. 1205, fn. omitted.) This requirement is grounded in the principles that criminal defendants are provided constitutional and statutory guarantees against ineffective assistance of counsel, and that guilty defendants should not be able to profit from their wrongdoing or shift responsibility for the consequences of their illegal behavior to their criminal defense counsel. (*Id*. at pp. 1203–1204; *Wiley v. County of San Diego* (1998) 19 Cal.4th 532, 537–538, 542–543.) Moreover, the actual innocence requirement avoids the risk of inconsistent resolutions in criminal and civil proceedings, serves judicial economy by precluding malpractice actions where a criminal defendant has been denied relief on the basis of ineffective assistance of counsel, and encourages attorneys to represent criminal defendants by reducing meritless malpractice claims. (*Coscia*, at p. 1204.)

Although Andrade asserts she would have been completely exonerated with competent legal representation, under *Coscia*, she also must allege she actually obtained exoneration in her underlying criminal case. On this point, Andrade fails. Her complaint is entirely silent on the issue. Andrade's

6

appellate briefs each contain a heading entitled, "The Underlying Criminal Case is on Appeal and the final outcome is undetermined," but the briefs contain no argument or record citations to support her position. And, to the contrary, the record indicates both Andrade's writ petition and appeal were denied.

Andrade next asserts her "factual innocence is proven by *Rios v. Cozens*, *supra*[, 9 Cal.3d 454]." But our task is not to assess the merits of the underlying criminal matter. Rather, *Coscia* requires a showing of "postconviction relief in the form of a final disposition of the underlying criminal case." (*Coscia*, *supra*, 25 Cal.4th at p. 1205.) Andrade has not made such a showing. Accordingly, the trial court properly sustained Purviance's demurrer to the legal malpractice claim.

### 2. *The Remaining Causes of Action*

The policy considerations discussed above apply equally to any cause of action premised on criminal counsel's professional conduct, and such causes of action thus require proof of actual innocence as shown by postconviction exoneration. (See *Lynch v. Warwick* (2002) 95 Cal.App.4th 267, 270, fn. 1, 273–274; see also *Quintilliani v. Mannerino* (1998) 62 Cal.App.4th 54, 67–69 [legal malpractice statute of limitations applied to claims for breach of contract, breach of fiduciary duty, and negligent misrepresentation based on legal matters or intertwined legal and nonlegal matters]; *Kracht v. Perrin, Gartland & Doyle* (1990) 219 Cal.App.3d 1019, 1022–1023 [all causes of action arising out of an attorney's alleged professional negligence subject to rules governing assignability of malpractice claims].)

Undoubtedly, the gravamen of the remaining causes of action in Andrade's complaint relate to Purviance's alleged legal malpractice. For example, Andrade's fraudulent misrepresentation claim alleges Purviance

7

misrepresented her qualifications and "failed and refused to supply a viable legal defense."  Likewise, the section 1983 claim alleges Purviance "conspired . . . to provide a weak or poorly presented legal defense" and "failed to exercise due diligence in identifying the unique characteristics and legal issues of [Andrade's] legal defense."  Finally, the breach of the doctrine of good faith and fair dealing claim asserts Purviance failed to protect Andrade's due process rights by not raising various arguments regarding her license suspension.

Because all causes of action arise from Purviance's conduct in providing legal services to Andrade, Andrade is required to allege actual innocence. She failed to do so, and the demurrer was properly sustained as to all causes of action.

## C.  *Denial of Leave to Amend*

Code of Civil Procedure section 472c, subdivision (a) provides:  "When any court makes an order sustaining a demurrer without leave to amend the question as to whether or not such court abused its discretion in making such an order is open on appeal even though no request to amend such pleading was made."  Under section 472c, this court may consider amendments to the complaint that were not proposed to the trial court before it decided the demurrer.  (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43.)  However, it continues to be the plaintiff's burden on appeal to show how a proposed amendment would change the legal effect of the pleadings.  (*Mercury Ins. Co. v. Pearson* (2008) 169 Cal.App.4th 1064, 1072.)  A plaintiff must set forth factual allegations that sufficiently state all required elements of the challenged causes of action, and the allegations "must be factual and specific, not vague or conclusionary."  (*Rakestraw*, at pp. 43–44.)  " 'If the plaintiff does not proffer a proposed amendment, and

8

does not advance on appeal any proposed allegations that will cure the defect or otherwise state a claim, the burden of proof has not been satisfied.' " (*Placer Foreclosure, Inc. v. Aflalo* (2018) 23 Cal.App.5th 1109, 1117.)

Here, Andrade has not carried her burden. Andrade has neither offered a proposed amendment, nor identified allegations that can cure her failure to allege actual innocence. Moreover, the record indicates Andrade has failed to obtain any postconviction relief. Accordingly, the trial court did not abuse its discretion in sustaining the demurrer without leave to amend.[5]

### III.  DISPOSITION

The judgment is affirmed. Lorraine Purviance may recover her costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)

---

[5] Because Andrade failed to allege actual innocence or demonstrate she could do so if granted leave to amend, we need not reach her arguments regarding the validity of her conviction, including (1) administrative due process under *Rios v. Cozens*, *supra*, 9 Cal.3d 454 and *Bell v. Burson*, *supra*, 402 U.S. 535, (2) the criminal court's jurisdiction, or (3) the alleged lack of a verified complaint.

MARGULIES, J.


WE CONCUR:


HUMES, P. J.


BANKE, J.


A161331
*Andrade v. Purviance*

10